

January 11, 2016

Clerk
Third Circuit Court of Appeals
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Bruni v. City of Pittsburgh*, No. 15-1755, FRAP Rule 28(j) Supplemental Authority

Dear Clerk,

      Appellants request the panel take notice of the following decisions issued after the filing of their briefs:

      On December 22, 2015, the Federal Circuit issued its opinion in *In re Tam*, No. 2014-1203, 2015 WL 9287035 (Fed. Cir. Dec. 22, 2015). Relying extensively on *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), discussed in Appellants' Reply Brief at 1–11, the Court held that the prohibition on registration of "disparaging" trademarks with the Patent and Trademark Office was an invalid content- and viewpoint-based restriction. 2015 WL 9287035, at *1. The Court reasoned that restrictions on "disparaging" trademarks were based on "the *nature of the message conveyed* by the speech which is being regulated," and were therefore content-based. *Id*. at *8 (emphasis added).

      On November 4, 2015, the Eleventh Circuit issued its opinion in *Dana's Railroad Supply v. Attorney General*, 807 F.3d 1235 (11th Cir. 2015). Also relying on *Reed*, the Court there held that a statute which forbade merchants from requiring a surcharge to use a credit card for purchases—but permitted the use of cash discounts—was an impermissible content- and viewpoint-based restriction. *Id*. at 1238. The Court reasoned that the law was content-based pursuant to *Reed* because its restrictions "appl[y] only to how a merchant may frame the price difference between cash and credit-card payments." *Id*. at 1248.

      Likewise, the Ordinance here is content-based. Here, the City bans speech with a specific purpose, message, or idea by forbidding "picketing" and "demonstrating." *See* J.A. at 4. The Ordinance, however, allows speech which is not picketing or demonstrating in the zones. This makes the restriction both one based on the "nature of the message conveyed," *see In re Tam*, 2015 WL 9287035 at *8, and one that applies to "how a [speaker] may frame" her message, *see Dana's Railroad Supply*, 807 F.3d at 1248. This is facial content discrimination under *Reed*, and thus strict scrutiny applies.

2

      Because the District Court deemed the Ordinance content-neutral and declined to apply strict scrutiny, J.A. at 16–17, 21–22, this Court should reverse.

      Sincerely,

                                           */s/ Elissa M. Graves*
                                           Elissa M. Graves
                                           Alliance Defending Freedom
                                           15100 N. 90th St.
                                           Scottsdale, AZ 85260
                                           (480) 444-0020

cc: All Counsel of Record (via CM/ECF)