

# CITY OF PITTSBURGH

## *Department of Law*

*William Peduto*
Mayor

*Lourdes Sánchez Ridge*
*Chief Legal Officer and City Solicitor*

Matthew Stephen McHale
Assistant City Solicitor
Direct Dial: (412) 255-2025
matthew.mchale@pittsburghpa.gov

January 11, 2016

Marcia M. Waldron, Clerk
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:   No. 15-1755: *Nikki Bruni v. City of Pittsburgh*; Response to Appellants' January 11, 2016 Fed. R. App. P. 28(j) notice of supplemental authority

To the Court:

Appellants invoke two more cases in their attempt to frame the City's Ordinance as content-based and therefore subject to strict scrutiny. The facts of the cases, which are not binding on this Court, have no bearing on the City's Ordinance that proscribes certain forms of expression, like picketing or demonstrating, without regard to content, within 15 feet of a clinic's doors. *Cf. McCullen v. Coakley*, 134 S. Ct. 2518, 2536 (2014) (describing "normal conversation" and "leafletting on a public sidewalk" as "particular form[s] of expression").

First, *In re Tam*, __ F. 3d __, No. 2014-1203, 2015 WL 9287035 (Fed. Cir. Dec. 22, 2015) (en banc), struck down the Lanham Act's prohibition on disparaging trademarks. But significantly, the heart of the court's reasoning focuses on impermissible viewpoint-discrimination. *See id*. at *1 ("The government . . . cannot refuse to register marks because it concludes that such marks will be disparaging to others. The government regulation at issue amounts to viewpoint discrimination . . . ."). Similarly, the phrase quoted by Appellants referring to "the nature of the message conveyed by the speech" is tied to whether a "mark is found disparaging by the referenced group." *Id*. at *8. Application of the City's Ordinance does not turn on a listener's reaction to speech, and it is not viewpoint discrimination (or content-based) on its face.

Second, *Dana's Railroad Supply v. Attorney General*, 807 F.3d 1235 (11th Cir. 2015), has now, as the dissent points out, created a circuit split on whether a state's prohibition on credit-card surcharges runs afoul of the First Amendment. *See id.* at 1257 (Carnes, C.J., dissenting) (citing *Expressions Hair Design v. Schneiderman*, 808 F.3d 118 (2d Cir. 2015)).

Respectfully, Chief Judge Carnes and the Second Circuit have the better of this argument, which in any event has little relevance to the City's twin localized buffer zones that have proven effective and which this Court has already upheld against challenge in *Brown v. City of Pittsburgh*, 586 F. 3d 263 (3d Cir. 2009).

The district court's dismissal of the complaint should be affirmed.

                                                  s/ Matthew S. McHale, Esq.
                                                  Assistant City Solicitor

cc: Counsel of record (via CM/ECF)